# Third District Court of Appeal

## State of Florida

Opinion filed January 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2253
Lower Tribunal Nos. 23-029CF, DCF-23-195-FO

_____

**Bernard Cooper, et al.,**
Appellants,

vs.

**Department of Children and Families,**
Appellee.

An Appeal from the State of Florida, Department of Children and Families.

Kawel PLLC and Andrew Paul Kawel; Law Offices of Dayna Maeder, LLC, and Dayna Maeder (Orlando); Community Law for Families and Children, PLLC, and Valentina Villalobos (Tampa), for appellants.

Rosemarie Rinaldi, Assistant Regional Legal Counsel, for appellee.

Before FERNANDEZ, SCALES and GORDO, JJ.

PER CURIAM.

<u>ON MOTION TO DISMISS</u>

Appellants Bernard Cooper and Adriana Alvarez appeal from a November 20, 2023, final order issued by the Department of Children and Families (the "Department"), which approved K.H.'s, the petitioner below, application to adopt L.C. The Department now moves to dismiss the appeal, arguing the appeal is moot because the trial court entered a final judgment of adoption, and L.C. has been adopted.

Notably, Appellants concede in their Response to the Department's Motion to Dismiss that they "were not considered parties" in this action. "[S]tanding to seek appellate review of administrative action is governed by express statutory law." <u>Stolar v. Fla. Dep't of Health</u>, 298 So. 3d 1205, 1206-07 (Fla. 3d DCA 2020). Only "[a] **party** who is adversely affected by final agency action is entitled to judicial review." § 120.68(1)(a), Fla. Stat. (2023) (emphasis added). Under the Administrative Procedure Act, the term "party" is specifically defined to include: 1) "[a] specifically named person whose substantial interests are being determined in the proceeding;" 2) "[a] person . . . entitled [by law] to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, **and who makes an appearance as a party**;" 3) "[a] person . . . **allowed by the agency to intervene** or participate in the proceeding **as a party**;" and 4) "[a]

county representative . . . or unit funded and authorized . . . to represent [the county's consumers]." § 120.52(13)(a)-(d), Fla. Stat. (2023).

In this case, Appellants were not named as parties to K.H.'s petition to adopt, did not appear as a party, and did not receive permission from the Department to intervene[1] or participate in the proceeding as a party. Because Appellants do not fit within any of the specifically delineated definitions of the term "party" under the Administrative Procedure Act, they lack standing to seek appellate review of the subject order. Id. Thus, we are constrained to dismiss this appeal.[2]

Dismissed.

---

[1] In fact, at Appellants' request, this Court relinquished jurisdiction to the trial court to "allow the trial court to address the claims of Mr. Bernard Cooper, and to adjudicate Mr. Cooper's intervention motion." Thereafter, Appellants' motion to intervene, filed after the subject final order was issued, was stricken.

[2] Having dismissed the appeal, we need not comment on the merits of the appeal. However, it bears noting that "[i]t is the intent of the Legislature that in every adoption, the best interest of the child should govern." § 63.022(2), Fla. Stat. (2023). "[T]he court is statutorily required to enter orders necessary to protect the best interests of the children involved in adoption proceedings." B.Y. v. Dep't of Children & Families, 887 So. 2d 1253, 1256 (Fla. 2004). Here, the trial court found "the best interests of this child will be promoted by this adoption," and the adoption was finalized. As the Legislature has recognized that "[a]doptive children have the right to permanence and stability in adoptive placements," the adoption should remain undisturbed. § 63.022(1)(c), Fla. Stat. (2023).